# United States District Court
# District of Massachusetts

JEFFREY PAUL CARLSEN,
    Petitioner,

v.                                    CIVIL ACTION NO. 12-10599-RGS

JAMES V. DiPAOLA,
    Respondent.

## *REPORT AND RECOMMENDATION ON RESPONDENT'S MOTION TO DISMISS FOR FAILURE TO EXHAUST STATE COURT REMEDIES (#29)*

COLLINGS, U.S.M.J.

    It is quite clear that petitioner has not exhausted the claims set forth in his *Ex Parte* Petition for Habeas Corpus Relief (#1) ("the Petition"). The failure to exhaust remedies was the reason why an earlier petition by the petitioner was dismissed. *See* Civil Action No. 11-11498-RGS (Order, #26, entered November 4, 2011). Petitioner's jury trial which resulted in his

conviction was held on June 7, 2011. A Notice of Appeal was filed on June 10, 2011. As of October 20, 2011, the record had not been assembled.

As of today's date, the record has still not been assembled. The reasons are set forth in the Affidavit of Roberta Kettlewell, First Assistant Clerk Magistrate in the Lowell District Court Clerk's Office for Criminal Business. (#21-1) At present, petitioner's appellate counsel has picked up the CD. (#21-1, ¶ 6) Appellant's counsel has sent the CD for transcription, and a transcript is expected on or about May 29, 2012. When the transcript is received, appellant's attorney will file it.[1] Once the transcript is received, it will take "a couple of weeks to assemble the record." (#21-1, ¶ 7)

Petitioner acknowledges that he has not exhausted his state court remedies, but his claim in the present Petition is that he should be excused from the exhaustion requirement pursuant to 28 U.S.C. § 2254(b)(1)(B)(ii) because on the facts of his case, "...there are circumstances that hold the process ineffective." *See* #1 at p. 2. The Court reads this averment as arguing that, in the words of the statute, "circumstances exist that render [available

---

[1] This information was gleaned from a conversation by the undersigned's staff with petitioner's appellate counsel, Louis Christopher Cashiola, Esquire.

State corrective process] ineffective to protect [petitioner's] rights."

The "circumstances" to which petitioner points is the amount of time it has taken and appears it will take to get a ruling by the Appeals Court. Unfortunately, the delay has to be rather extreme in order for exhaustion to be excused. The delay in petitioner's case to date is only about a year since the filing of the notice of appeal on June 10, 2011. Under existing case law, even were this year-long delay to be found "inexcusable," the delay is simply not of sufficient duration to relieve the petitioner from the requirement that he exhaust his state court remedies before filing a habeas corpus action in federal court. *Cristin v. Brennan,* 281 F.3d 404, 411 (3 Cir.), *cert. denied sub nom. Cristin v. Wolfe,* 537 U.S. 897 (2002) ("The thirty-three month delay in *Wojtczak*[2] remains the shortest delay held to render state collateral proceedings[3] ineffective for purposes of the exhaustion requirement."(citations omitted)).

While the Court can understand petitioner's frustration at the delay in a

---

[2] *Wojtczak v. Fulcomer,* 800 F.2d 353, 354 (3 Cir., 1986).

[3] The "state collateral proceedings" refers to proceedings under Pennsylvania's Post Conviction Hearing Act, 42 Pa. C.S.A. §§ 9541 - 9551, which is a procedure where claims may be presented to the state court such that the claims would be found to have been exhausted if the state court denies relief. *Wojyczak,* 800 F.2d at 354.

case where he is serving a sentence as a result of a conviction which he believes is constitutionally infirm, such frustration, real as it is, is simply, on the facts of this case, an insufficient basis for dispensing with the exhaustion requirement. The respondent's motion must be allowed.

Therefore, I RECOMMEND that Respondent's Motion to Dismiss for Failure to Exhaust State Court Remedies (#29) be ALLOWED, that all pending motions be TERMINATED, and that Final Judgment enter DISMISSING the Petition without prejudice to filing a petition when state court remedies have been exhausted.

### *Review by the District Judge*

The parties are hereby advised that pursuant to Rule 72, Fed. R. Civ. P., any party who objects to this recommendation must file a specific written objection thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b), Fed. R. Civ. P., shall preclude further appellate review. See *Keating v. Secretary of Health and Human*

*Services*, 848 F.2d 271 (1 Cir., 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1 Cir., 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1 Cir., 1983); *United States v. Vega*, 678 F.2d 376, 378-379 (1 Cir., 1982); *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603 (1 Cir., 1980); see also *Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ *Robert B. Collings*
ROBERT B. COLLINGS
United States Magistrate Judge

Date: June 7, 2012.